# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | **CV 16-08326-BRO (AFMx)** | Date | December 15, 2016 |
|---|---|---|---|
| Title | **HERB DEITELBAUM V. THE RAWLINGS COMPANY, LLC** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER RE DEFENDANT'S MOTION TO DISMISS [9]

### I.  INTRODUCTION

Pending before the Court is Defendant The Rawlings Company, LLC's ("Defendant") Motion to Dismiss Plaintiff Herb Deitelbaum's ("Plaintiff") Complaint. (Dkt. No. 10 (hereinafter, "Mot.").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons set forth below, Defendant's Motion is **GRANTED**.

### II.  BACKGROUND

Plaintiff is a California resident who was formerly employed by Defendant as a "recovery analyst."  (*See* Dkt. No. 1-7 (hereinafter, "Compl.").)[1]  Defendant is a limited liability company with two members, George and Beverly Rawlings, who are both Florida residents.  (*See* Dkt. No. 1 (hereinafter, "Removal") ¶¶ 18–20.)

Plaintiff alleges that during his final four years of employment with Defendant he was (1) assigned difficult accounts, (2) "forced" to work longer hours, and, (3) stripped of his discretion.  (*See* Compl. ¶ 8.)  According to Plaintiff, Defendant mandated strict

---

[1] Plaintiff has apparently filed a First Amended Complaint, but has not yet served it.  (*See* Mot. at 1 n.1, Ex. A.)  In addition, Plaintiff has apparently provided a Second Amended Complaint to Defendant, though he has not filed it with the Court.  (*See* Reply, Ex. B.)  Thus, the Original Complaint is the operative pleading which Defendant moves to dismiss.  (*See id.*)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-08326-BRO (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | HERB DEITELBAUM V. THE RAWLINGS COMPANY, LLC | | |

daily structure requirements, and prescribed certain daily activities according to a schedule, leading him to perform mostly clerical activities. (Compl. ¶¶ 9–10.) Further, Plaintiff claims that he was stripped of the tasks that allowed him to exercise discretion daily and was threatened with termination if he was incapable of maintaining his workload, which led to him working approximately fifty to sixty hours per week. (Compl. ¶¶ 11–12.) Plaintiff avers that, based on these extended hours, Defendant failed to pay him overtime compensation, and failed to provide him with rest and meal periods. (Compl. ¶ 14.)

Plaintiff filed the instant action on June 17, 2016, (*see* Compl.), though he did not serve Defendant with the Complaint until October 10, 2016, (Removal ¶ 8). Plaintiff's Complaint alleges seven causes of action: (1) failure to provide meal periods under California Labor Code section 226.7; (2) failure to provide rest periods under section 226.7; (3) non-payment of overtime wages under California Labor Code section 1194; (4) non-payment of wages when due under California Labor Code section 218; (5) waiting time penalties under California Labor Code section 203; (6) failure to provide accurate pay stubs under California Labor Code section 226; and, (7) unfair competition in violation of California Business & Professions Code section 17200. (*See* Compl.) Defendant removed the action to this Court on November 8, 2016. (*See* Removal.) On November 15, 2016, Defendant filed the instant Motion. (*See* Mot.) Plaintiff failed to timely oppose Defendant's Motion, leading the Court to issue an Order to Show Cause as to why Defendant's Motion should be not be granted. (*See* Dkt. No. 13.) On December 6, 2016, Plaintiff responded to the Court's Order, (Dkt. No. 14), and Opposed Defendant's Motion, (Dkt. No. 15 (hereinafter, "Opp'n"). Defendant replied on December 10, 2016. (Dkt. No. 16 (hereinafter, "Reply").)

## III. LEGAL STANDARD

Under Rule 8(a) a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Otherwise, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-08326-BRO (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | HERB DEITELBAUM V. THE RAWLINGS COMPANY, LLC | | |

liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: first, the court must discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, the court shall determine "whether they plausibly give rise to entitlement to relief." *See id.* at 679; *accord Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

### A. The Sufficiency of Plaintiff's Complaint

Plaintiff's Complaint suffers from an overall lack of factual detail, but from Plaintiff's Complaint and his Opposition to the instant Motion, it appears to the Court that Plaintiff is alleging that he was misclassified by Defendant as an exempt employee but, after the duties of his position changed, he should have been reclassified as a non-

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-08326-BRO (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | **HERB DEITELBAUM V. THE RAWLINGS COMPANY, LLC** | | |

exempt employee and paid overtime.[2] (*See* Compl. ¶¶ 7–14, 23–25.) Defendant argues that Plaintiff's claims should be dismissed because Plaintiff's Complaint suffers from one primary deficiency: Plaintiff has not established whether he was misclassified as exempt. (*See* Mot. at 1.)

      Generally, California employees who work more than forty hours per week or eight hours per day have the right to receive overtime compensation for the time worked over this threshold. *See Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 789 (Cal. 1999). Labor Code section 1194 provides a civil cause of action for those who are due, but have not been paid, overtime wages due to them under California law. *See* Cal. Lab. Code § 1194. However, California law permits three types of employees to be exempt from receiving overtime pay: executive, administrative, and professional employees. *See* Cal. Code Regs. tit. 8, § 11070. Each exemption has various requirements; for instance, the executive exemption requires that the employee's duties must include: (1) managing a company or division; (2) directing the work of at least two employees; (3) having hiring and firing authority; (4) regularly exercising discretion; (5) engaging in primarily exempt tasks; and, (6) the employee's salary must be at least twice the state minimum wage for full-time employment.[3] *See id.* § 11070(A)(1).

---

[2] Plaintiff concedes that he is not opposing Defendant's Motion as to his first two causes of action for missed meal and rest break periods. (*See* Opp'n at 2.) Accordingly, Plaintiff's first and second causes of action are **DISMISSED**. *See Dream Marriage Grp. Inc. v. Anastasia Int'l, Inc.*, No. CV 10-5034 RSWL (FFMx), 2010 WL 4346111, at *2 (C.D. Cal. Oct. 27, 2010) (dismissing cause of action with prejudice when plaintiff conceded the claim in its opposition to a motion to dismiss); *Lepp v. Gonzales*, No. C-05-0566 VRW, 2005 WL 1867723, at *5 (N.D. Cal. Aug. 2, 2005) (dismissing claims with prejudice when plaintiffs did not oppose defendants motion to dismiss the claims).

[3] The administrative exemption further requires that an employee's duties include: (1) performing office or non-manual work related to management policies or business operations, or administrating a school or education establishment; (2) regularly exercising discretion; (3) regularly assisting an employee in an executive or administrative capacity, performing specialized or technical work, or executing "special assignments and tasks" under only general supervision; (4) primarily engaging in exempt tasks; and, (5) the employee's salary must be at least twice the state minimum wage for full-time employment. *See* Cal. Code Regs. tit. 8, § 11070(A)(2). And the professional exemption exempts employees who: (1) are licensed and primarily engaged in specifically enumerated areas of practice, such as the law, medicine, or dentistry, or "primarily engaged in an occupation commonly recognized as a learned or artistic

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-08326-BRO (AFMx)** | Date | December 15, 2016 |
|---|---|---|---|
| Title | **HERB DEITELBAUM V. THE RAWLINGS COMPANY, LLC** | | |

Here, Plaintiff's claim fails because he does not plead sufficient facts regarding his job duties to indicate whether Plaintiff was properly classified. Plaintiff explains that he was a "recovery analyst" but provides no description of his position.[4] (Compl. ¶ 7.) As a threshold matter, and as Defendant notes, Plaintiff does not indicate whether Defendant classified him as an exempt or non-exempt employee throughout his employment. Therefore, it is unclear whether Plaintiff is alleging that he was misclassified (i.e., that he was classified as exempt but should have been classified as non-exempt), or whether he is alleging that he was classified as non-exempt but Defendant failed to properly pay him overtime. Further, to the extent Plaintiff is proceeding on a misclassification theory, he fails to provide facts indicating what duties his position entailed prior to the alleged change in duties that, apparently, resulted in his alleged misclassification.[5] Thus, the conclusory statement that he "was stripped of his discretion" is insufficient to indicate that any alleged change in duties resulted in his misclassification.[6]

Moreover, as to the job duties he does explain, Plaintiff fails to provide sufficient allegations to establish that he should be considered a non-exempt employee. *See Schneider v. Space Sys./Loral, Inc.*, No. 5:11-cv-02489-JF, 2011 WL 4344232, at *3 n.5 (N.D. Cal. Sept. 15, 2011) (explaining that plaintiff failed to "support his allegations concerning classification with factual content"). First, he alleges in a conclusory manner that he was required to "engage in clerical activities for the majority of his working hours." (Compl. ¶ 10.) This conclusory statement does not provide enough factual detail

---

profession"; (2) regularly exercise discretion; and, (3) earn at least twice the state minimum wage for full-time employment. *See id.* § 11070(A)(3).

[4] Defendant analogizes Plaintiff's position to that of an insurance claims adjuster. (*See* Mot. at 3.) Plaintiff takes issue with this description in his Opposition, but provides no further details as to a more appropriate description of his position. (*See* Opp'n at 2.)

[5] Plaintiff claims that he "lost his authority to negotiate settlements" above a certain dollar amount, (Compl. ¶ 11), but this single allegation is insufficient to establish that he became misclassified. First, having *some* but not *all* of his discretion removed does not indicate, on its own, that his classification should have changed, as this allegation suggests that he was still capable of exercising a certain amount of discretion. Second, it is not clear what portion of his responsibilities were composed of these settlement negotiations before or after the alleged change in his duties.

[6] The Court may disregard conclusory statements when deciding a motion to dismiss. *See Iqbal*, 556 U.S. at 679.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-08326-BRO (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | HERB DEITELBAUM V. THE RAWLINGS COMPANY, LLC | | |

to indicate that these were, in fact, his primary tasks. Next, Plaintiff claims that these clerical activities included "checks, new files, review voicemails, responding to tickles, making calls to the East coast, and reviewing faxes." (*Id.*) A list of these tasks, on their own, however, do not establish that Plaintiff was misclassified. For instance, tasks such as "reviewing voicemails," "responding to tickles," and "making calls to the East coast," are not inherently clerical and may include the use of significant discretion. Therefore, Plaintiff's allegations are insufficient to establish that he was misclassified or that he is due unpaid overtime wages. Accordingly, his unpaid overtime wages claim is **DISMISSED without prejudice**.

Defendant contends that to the extent Plaintiff's meal break, rest break, and unpaid overtime claims are dismissed, the remainder of Plaintiff's claims for non-payment of wages when due, waiting time penalties, failure to provide accurate pay statements, and unfair competition should be dismissed because these claims are derivative of Plaintiff's other claims. (*See* Mot. at 5–6.) Plaintiff does not dispute this assertion, (*see* Opp'n), and Defendant appears to be correct. Plaintiff includes no additional factual allegations to support these causes of action, but relies on the same facts supporting his underlying meal break, rest break, or overtime claims. Accordingly, as the Court dismisses Plaintiff's underlying claims, Plaintiff's fourth, fifth, sixth, and seventh causes of action are, for the same reasons, **DISMISSED without prejudice**. *See Miranda v. Coach, Inc.*, No. 14-cv-02031-JD, 2013 WL 636373, at *3 (N.D. Cal. Feb. 13, 2015) (dismissing claims for failure to provide accurate wage statements, waiting time penalties, unfair competition because they were derivative of meal break, rest break, and overtime claims).

### B. Whether to Allow Plaintiff to Amend His Complaint

Under Federal of Civil Procedure 15(a)(2), the court "should freely give leave" to allow a plaintiff to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2). Defendant argues that the Court should deny Plaintiff leave to amend his Complaint in this case, because he has violated Local Rules 7-9 and 15-1[7] by (1) failing to timely respond to Defendant's Motion, and, (2) failing to provide a copy of his proposed amended complaint. (*See* Reply at 3.) The Court disagrees with Defendant's argument and, apart from Plaintiff's

---

[7] A copy of this Court's Local Civil Rules is available at the United States District Court, Central District of California's website: https://www.cacd.uscourts.gov/court-procedures/local-rules.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-08326-BRO (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | HERB DEITELBAUM V. THE RAWLINGS COMPANY, LLC | | |

meal break and rest break claims (as discussed above), will allow Plaintiff to amend his claims.

Defendant contends that Plaintiff has effectively waived his right to amend by failing to timely file his Opposition. (*See* Reply at 3–4.) While, as noted above, Plaintiff initially failed to timely oppose Defendant's Motion under Local Rule 7-9, once the Court issued an Order to Show Cause, Plaintiff responded within the Court's given deadline. (*See* Dkt. No. 13; Opp'n.) Thus, the Court does not find denying Plaintiff leave to amend warranted as he has proven responsive. Moreover, as leave should be freely given under Rule 15, the Court finds that refusing to allow Plaintiff to amend his claims would be inappropriate in this case.

Defendant next argues that Plaintiff's request should be denied because he has not attached a copy of his proposed amended complaint to his Opposition. (*See* Reply at 3–4.) Local Rule 15-1 provides that "[a]ny proposed amended pleading must be filed as an attachment to the related motion or stipulation." C.D. Cal. L.R. 15-1. Plaintiff has not filed a motion to amend in this case, however; rather, he has filed an opposition in which he requests that if the Court dismisses his claims, he be given the opportunity to amend his Complaint. (*See* Opp'n at 2–3.) Thus, it is not clear that Local Rule 15-1 applies in this case. The Court again notes that under Rule 15 Plaintiff should be given leave to amend, regardless. *See* Fed. R. Civ. P. 15(a)(2).

Further, Defendant argues that amendment would be futile, proffering a redlined version of a Second Amended Complaint that Plaintiff has, apparently, provided to Defendant though he has not provided it to the Court. (*See* Reply at 4–8, Ex. B.) The Court will not analyze this Second Amended Complaint, which is not before the Court, but will allow Plaintiff the opportunity to file an Amended Complaint based on the deficiencies addressed by the Court in this Order.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's first and second causes of action are **DISMISSED** pursuant to Plaintiff's representation. Plaintiff's third, fourth, fifth, sixth, and seventh causes of action are **DISMISSED without prejudice**. Plaintiff is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-08326-BRO (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | HERB DEITELBAUM V. THE RAWLINGS COMPANY, LLC | | |

**ORDERED** to file a First Amended Complaint, if any, **no later than Tuesday, January 17, 2016, by 4:00 p.m.**

The Court VACATES the hearing set for Monday, December 19, 2016.

**IT IS SO ORDERED.**

: 

Initials of Preparer  rf